# UNITED STATES DISTRICT COURT
for the

Southern District of Georgia

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Natravien Landry | ) | 1:24-mj-082 |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of **Decemeber 14, 2024** in the county of **Richmond** in the **Southern** District of **Georgia**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1111(a) | Murder |

This criminal complaint is based on these facts:

See Attached Affidavit of Matthew B. Ehrhart, Special Agent, U. S. Army Criminal Investigation Division incorporated as is fully set forth herein.

☑ Continued on the attached sheet.

*Attested to by Applicant in accordance with the requirements of Fed.R.Crim.P. 41 by teleconference.

*Complainant's signature*

Matthew B. Ehrhart, Special Agent, DACID
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/15/2024

*Judge's signature*

City and state: Augusta, GA

Brian K. Epps, U.S. Magistrate Court
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Matthew B. Ehrhart, Special Agent (your affiant) with the United States Army Department of Criminal Investigation (hereinafter "DACID"), being first duly sworn, hereby depose and state under penalty of perjury as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a federal arrest warrant for Natravien Reshawn LANDRY (hereinafter "Landry"). Landry is identified as a black male, born 18 Jan 1999, known to reside at 5430 Thrasher Lane, Hephzibah, GA 30815, and is a national guard soldier assigned to 1148th Transportation Company, Fort Eisenhower, GA.

2. As set forth below, probable cause exists to believe Landry committed a violation of 18 U.S. Code § 1111, Murder, while on the Fort Eisenhower Army Installation, Richmond County, Southern District of Georgia.

3. I am a Special Agent with the United States Army Criminal Investigation Division (hereinafter "Army CID") and have been so since July 2022. As such, I am an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code and the Uniformed Code of Military Justice. During my employment as an Army CID Agent, I have been assigned to investigate violations of federal law including violations against or involving the property, persons, and

interests of the United States Army, and have also assisted in the investigation of various other violations of federal crimes. I have received training, and I have gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures. Prior to my employment as an Army CID agent, I was employed as an Okaloosa County Deputy Sheriff, Officer with the Indian Shores Police Department, a State Trooper with the Florida Highway Patrol, and a Department of Defense Police Officer for approximately 12 years collectively. I am currently assigned to the Fort Eisenhower Army CID Resident Agency, Southeastern Field Office.

4. All DACID Special Agents (military and civilian) are recognized as Federal Law Enforcement agents under Title 28 Code of Federal Regulations (CFR), Section 60.3(a)(2)(28 CFR 60.3a(2)).

## PROBABLE CAUSE

5. On 14 December 2024, at 0730, the Directorate of Emergency Services, Fort Eisenhower, GA (hereinafter "FEGA") notified the DACID Resident Unit, that Landry shot Victim, whose initial are A.S. at the on-post residence on FEGA of Witness #1.

6. Installation gate records revealed Landry entered FEGA at approximately 0445, reported for drill duty and was released at 0700. Records reflect that Landry was to report again at 0800 and had an hour break between shifts.

2

Landry drove to Witness #1's residence and arrived at approximately 0715. DACID conducted preliminary interviews of the residents and occupants.

7. Witness #1 stated that she was in a romantic relationship with Victim, who was visiting her residence. Witness #1 had a prior relationship with Landry from which they shared a child. Landry had expressed prior jealousy toward Victim, due to his close friendship with Witness #1. Witness #1 stated on the morning of 14 Dec 2024, she awoke to a commotion in her bedroom, where she and Victim were sleeping, and saw Landry standing near the entrance of the room. Witness #1 walked to the room entrance to attempt to talk to Landry. Landy indicated he recognized Victim. She turned away from Landry, toward Victim, and heard a gunshot from Landry's position.

8. Witness #2, an aunt of Witness #1 and #3, was visiting at the time of the incident. On the morning of, 14 Dec 24, as she was preparing to leave the residence, she observed Landry walk to the doorstep of the residence. Witness #2 said Landry was wearing a military uniform. Landry asked Witness #2 who owned the black truck parked outside the residence.

9. Witness #3 (sister of Witness #1 and a resident at incident address) opened the front door to allow Witness #2 reentry. Landry gained entry into the

home as Witness #2 came back in. Witness #2 heard a gunshot and saw a gun flash in the hallway outside Witness #1's second-story bedroom.

10. Witness #3 stated she observed Landry force his way into the residence, walk upstairs, strike Victim four times with the firearm, and shoot at Victim. She observed Landry leave the residence without further incident.

11. Witness #4, also an aunt of Witness #1 and #3, stated Landry and Witness #1 got into a physical altercation in the second-story hallway of the residence. Witness #4 heard a gunshot and saw Witness #1 fall to the ground in front of Landry. Witness #4 stated she thought Witness #1 was shot, but she observed Victim stumble from Witness #1's bedroom and fall down the stairs. Witness #4 stated she observed Landry in possession of a small firearm, and further observed him depart the residence without further issue or incident.

12. Emergency Medical Services transported Victim to Dwight David Eisenhower Medical Center (hereinafter "DDEAMC"), FEGA, where Dr. Andrew Jackson, Emergency Department, DDEAMC, FEGA pronounced him deceased at 0825, 14 Dec 24 from a gunshot wound to the chest.

13. MPI issued a BOLO for Landry which included the state of Georgia and South Carolina due to cell phone pings, FLOCK camera sightings, and exigent request from Toyota to provide updated location of the vehicle in question.

14. At 1055, 14 Dec 24, Meriwether County Sheriff's Office (MCSO), GA, located Landry at Mile Marker 29 on I-85 S, GA, driving a 2024 Toyota Camry, white, Tennessee Tag: 883-BHPG, VIN: 4T1S11AK6RU206226. MCSO conducted a felony

stop of the vehicle, without incident. The vehicle stopped was consistent with the eye-witness accounts of the vehicle driven from the scene by Landry. Records reflect the vehicle is registered to Landry. Upon stopping, Landry threw a Glock 9mm pistol from the vehicle. He was arrested without incident. Cursory inspection of the vehicle revealed a military uniform inside.

15. Landry was transported to Meriweather County Jail where he was Mirandized and interviewed by Affiant and other officers. Landry admitted to, among other things, shooting Victim. The interview was video and audio recorded.

16. DACID completed a death scene examination of the residence and recovered a single 9mm casing from the second story of the residence.

## JURISDICTION

17. The DACID Resident Unit, Fort Eisenhower, GA has primary jurisdiction on the Fort Eisenhower, GA installation and its territories. Fort Eisenhower is located in Richmond County, which is located within the Southern District of Georgia. This court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C § 2711(3)(A)(ii). Specifically, "the term 'court of competent jurisdiction' includes any district court of the United States (including a magistrate judge of such a court)…that…is in for a district in which the criminal act occurred. The United States Army utilizes the United States District Courts to obtain evidence because it lacks any other mechanism to obtain an arrest warrant. In this case, DACID is

seeking permission from the United States District Court for the Southern District of Georgia to obtain arrest warrant for Landry.

## CONCLUSION

18. The facts in this affidavit come from my personal observations, my training and experience, the information obtained throughout this investigation thus far, information from other DACID Agents and the accounts of the aforementioned witnesses. This affidavit is intended to show merely that there appears to be sufficient probable cause for the purpose of only requesting a search warrant; therefore, does not set forth each and every fact I have learned during the course of my investigation.

19. Based on the foregoing facts described herein, the undersigned affiant has probable cause to believe that Landry committed a criminal offense in violation of 18 U.S. Code § 1111, Murder.

Respectfully submitted,

Matthew B. Ehrhart
Special Agent, DACID

Sworn to me through reliable electronic means in accordance with Fed. R. Crim. P. 4.1 on December 15, 2024:

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA